# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WHITNEY BATISTE**<br>  LA. DOC #473367<br>VS. | **CIVIL ACTION NO. 6:09-0127**<br><br>**SECTION P**<br><br>**JUDGE MELANÇON** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the court is Whitney Batiste's *pro se* petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 on January 26, 2009. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. Batiste is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Petitioner attacks his 2003 second degree murder conviction, entered in the Fifteenth Judicial District Court for Lafayette Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** because petitioner's claims are procedurally defaulted.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was tried and convicted with his brothers Corey and Horatio Adams of the second degree murder of Jimmie Chandler on August 25, 2003. On August 27, 2003, petitioner was sentenced to life imprisonment.

Petitioner directly appealed to the Louisiana Third Circuit Court of Appeals. Petitioner alleges that he raised two assignments of error, that his indictment was invalid and that he had been improperly tried jointly with his brothers. The Third Circuit's decision on appeal reveals that petitioner also raised a claim of ineffective assistance of counsel and that he had been prejudiced by improper introduction of a letter written by Zachary Adams to Corey Adams.[1] Petitioner's conviction and sentence were affirmed on September 29, 2004. *State of Louisiana v. Corey Marquee Adams, Whitney Batiste, and Horatio Adams*, 884 So.2d 694, No. 2004-77 (La. App. 3 Cir. 9/29/2004). Petitioner did not seek further direct review in the Louisiana Supreme Court.

On November 16, 2004, petitioner alleges that he filed an Application for Post-Conviction relief in the Fifteenth Judicial District Court. Petitioner has not provided a copy of this Application for the court's review; however, the State's response to the Application reveals that petitioner argued the following claims for relief: (1) knowing use of perjured testimony; (2) ineffective assistance of appellate counsel; (3) insufficient evidence; (4) erroneous admission of other crimes evidence; (5) use of contradictory theories of guilt by the State; and, (6) that the State failed to investigate a co-defendant's letters. [doc. 4, pg. 18-22].

---

[1] Petitioner's appeal was consolidated with that of his brothers. Horatio Adams raised a challenge to the recision of his prior plea agreement for second degree battery; finding merit to this argument, the Third Circuit vacated his second degree murder conviction. Corey Adams raised claims based on the rescission of his plea agreement, sufficiency of the evidence, the excessiveness of his sentence, double jeopardy, ineffective assistance of counsel, and use of inconsistent theories of guilt by the State.

On March 17, 2005, an evidentiary hearing on petitioner's Post-Conviction Application was held, and, at the conclusion of the hearing, relief was denied without any written reasons for ruling.

On May 10, 2005, petitioner's writ application to the Louisiana Third Circuit Court of Appeal was denied without prejudice as deficient because the application did not comply with Rule 4 of the Uniform Rules of the Courts of Appeal and La. Code Crim.P. art. 912.1. More specifically, the Third Circuit held that the application was deficient because petitioner's writ application did not contain a certificate of service to the trial judge and district attorney, an index of the items contained therein, or a copy of the transcript of the March 17, 2005 hearing on petitioner's Post-Conviction Application, which apparently contained the trial court's oral reasons for ruling. *State of Louisiana v. Whitney Batiste*, No. KH 05-00493 (La. App. 3 Cir. 5/10/2005) (unpublished) (attached hereto as Court Exhibit "A").

On June 16, 2005, the trial court granted petitioner's Motion for Production of Documents and directed the Clerk of Court to furnish petitioner with a copy of the transcript of the March 17, 2005 post-conviction hearing. [doc. 4, pg. 26].

Petitioner chose not to cure the procedural deficiencies noted by the Third Circuit for that appellate court to review petitioner's claims. Rather, on June 14, 2005, petitioner filed a writ application directly in the Louisiana Supreme Court. [doc. 4, pg. 30, 42-55]. On April 17, 2006, the Louisiana Supreme Court denied petitioner's request for

discretionary review, instructing petitioner to re-file his application for writs in the Third Circuit Court of Appeals "consistent with U.R.C.A.. Rule 4-2."[2] *State ex rel. Whitney Batiste v. State of Louisiana*, 926 So.2d 503, 2005-KH-1956 (La. 4/17/2006).

On May 10, 2006, petitioner re-filed his writ application in the Third Circuit Court of Appeal, as instructed by the Louisiana Supreme Court. [doc. 4, pg. 32-33]. The Third Circuit did not consider petitioner's claims, because the court found that the trial court had erred in failing to appoint counsel to represent petitioner at the March 17, 2005 post-conviction hearing. Accordingly, on July 27, 2006, the appellate court granted petitioner's writ, vacated the trial court's ruling and remanded the matter to the Fifteenth Judicial District Court for further proceedings. [doc. 4, pg. 34, *State of Louisiana v. Whitney Batiste*, No. KH 06-00648 (La. App. 3 Cir. 7/27/2006) (unpublished)].

Another hearing was held in the trial court on January 18, 2007, after which petitioner's Post-Conviction Application was again denied without written reasons.

On February 13, 2007, petitioner's writ application to the Louisiana Third Circuit Court of Appeal was again denied without prejudice as deficient because the application did not comply with Rule 4 of the Uniform Rules of the Courts of Appeal and La. Code Crim.P. art. 912.1. More specifically, the Third Circuit held that the application was deficient because petitioner's writ application did not contain a certificate of service to

---

[2] Rule 4-2 provides, "The party . . . intending to apply to the Court of Appeal for a writ shall give to the opposing parties or opposing counsel of record, notice of such intention; notice simultaneously shall be given to the judge whose ruling is at issue, by requesting a return date to be set by the judge . . . ."

the trial judge and district attorney, a copy of the judge's reasons for judgment, order or ruling, or a copy of the transcript of the January 18, 2007 hearing on petitioner's Post-Conviction Application, which apparently contained the trial court's oral reasons for ruling. *State of Louisiana v. Whitney Batiste*, No. KH 07-00133 (La. App. 3 Cir. 2/13/2007) (unpublished) (attached hereto as Court Exhibit "B").

Petitioner again chose not to cure the procedural deficiencies noted by the Third Circuit for that appellate court to review petitioner's claims. Rather, on April 5, 2007, petitioner filed a writ application directly in the Louisiana Supreme Court. [doc. 4, pg. 35]. On January 7, 2008, the Louisiana Supreme Court again denied petitioner's request for discretionary review, instructing petitioner to re-file his application for writs in the Third Circuit Court of Appeals "consistent with U.R.C.A.. Rule 4-2."[3] *State ex rel. Whitney Batiste v. State of Louisiana*, 973 So.2d 738, 2007-0702 (La. 1/7/2008).

On January 31, 2008, petitioner re-filed his writ application in the Third Circuit Court of Appeal, as instructed by the Louisiana Supreme Court. [doc. 4, pg. 38]. However, once again, the Third Circuit did not consider petitioner's claims and denied his writ application without prejudice as deficient on February 27, 2008 as follows:

> This court cannot address Relator's claims without the transcript of the January 18, 2007 contradictory hearing. Accordingly, Relator's application is deficient. He must comply with the Uniform Rules - Court of Appeal, Rule 4, and La. Code Crim. P. art. 912.1. Furthermore, the application does not contain a certificate of service to the trial judge and district attorney, a copy of the application for post-conviction relief filed with the trial court, and a copy of the trial court's ruling, if written. . . .

---

[3]*See* fn. 2, *supra*.

5

[doc. 4, pg. 39, *State of Louisiana v. Whitney Batiste*, No. KH 08-00121 (La. App. 3 Cir. 2/27/2008) (unpublished)].

On April 9, 2008, petitioner filed a writ application directly in the Louisiana Supreme Court, without curing the procedural deficiencies noted by the Third Circuit for that appellate court to review petitioner's claims.[4] [doc. 4, pg. 53]. Thereafter, the Louisiana Supreme Court denied petitioner's request for discretionary review on December 12, 2008, without comment. *State ex rel. Whitney Batiste v. State of Louisiana*, 997 So.2d 558, 2008-KH-0765 (La. 12/12/2008).

Petitioner signed his federal *habeas* petition on January 21, 2009, it was post-marked January 23, 2009 and received and filed by the Clerk of this court on January 26, 2009. Petitioner appears to assert the same claims he attempted to raise in state post-conviction proceedings: (1) knowing use of perjured testimony; (2) ineffective assistance of appellate counsel; (3) insufficient evidence; (4) erroneous admission of other crimes evidence; (5) use of contradictory theories of guilt by the State; and, (6) that the State failed to investigate a co-defendant's letters.

---

[4]Petitioner has not alleged, nor has he submitted any evidence demonstrating, that he re-filed his application in the Louisiana Third Circuit Court of Appeal in accordance with that court's instructions. Moreover, communication with the Clerk of the Louisiana Third Circuit Court of Appeal confirmed that petitioner had made no other filings in that court.

## LAW AND ANALYSIS

**I. Exhaustion and "Technical" Procedural Default**

The scope of federal *habeas* review is limited by the intertwined doctrines of procedural default and exhaustion. Procedural default exists where (1) a state court clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails to properly exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred, ("technical" procedural default). In either instance, the petitioner is deemed to have forfeited his federal *habeas* claim. *Bledsue v. Johnson*, 188 F.3d 250, 254-55 (5th Cir.1999) *citing Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

It is well settled that a petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the

substance of each of his claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985); *Mercadel*, 179 F.3d at 275 *citing Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). When a petitioner has raised a claim in a procedural context "in which its merits will not be considered," he has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir.1989).

Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk*, 144 F.3d at 360 *citing Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. Thus, in order to properly exhaust a claim, a federal *habeas corpus* petitioner must have fairly presented the substance of the claim in a procedurally correct manner to the Louisiana Supreme Court.

Under Louisiana law, the various Courts of Appeal have supervisory jurisdiction over cases which arise within their circuits. LSA Const. Art. 5, §10(a). Specifically, with regard to Applications for Post-Conviction Relief, LSA C.Cr.P. art. 930.6 provides, "The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post-conviction relief." Thus, the first step in the review process is an application for writs in the appropriate court of appeals.

Petitioner sought appellate review of the trial court's January 18, 2007 final ruling on his claims after remand, however, in each instance, the Third Circuit did not address the merits of petitioner's claims because petitioner failed to abide by that court's procedural rules for proper presentation of claims.[5] [*State of Louisiana v. Whitney Batiste*, No. KH 07-00133 (La. App. 3 Cir. 2/13/2007) (unpublished) (attached hereto as Court Exhibit "B"); doc. 4, pg. 39, *State of Louisiana v. Whitney Batiste*, No. KH 08-00121 (La. App. 3 Cir. 2/27/2008) (unpublished)]. Thus, petitioner's applications were all denied solely on procedural grounds.

---

[5] Uniform Rule 4-1 provides in pertinent part, "Application for Post-Conviction Relief. The applicant shall use the uniform application for post-conviction relief . . . Inexcusable failure of the applicant to comply with this Rule may subject the applicant to dismissal of the application, or to other sanctions of the court." Rule 4-5 mandates that the writ application "shall contain . . . an index of all items contained therein . . . a copy of the judgment, order, or ruling complained of . . . a copy of the judge's reasons for judgment, order, or ruling (if written) . . . a copy of each pleading on which the judgment, order, or ruling was founded . . . a copy of pertinent court minutes; and . . . the notice of intent and return date order . . . ." La. C.Cr.P. art. 912.1(C)(1) provides in part, "In all other cases not otherwise provided by law, the defendant has the right of judicial review by application to the court of appeal for a writ of review. This application shall be accompanied by a complete record of all evidence upon which the judgment is based unless the defendant intelligently waives the right to cause all or any portion of the record to accompany the application."

9

The fact that petitioner may not have had all of the exhibits required by the Uniform Rules and article 912.1 when he filed his writ applications is of no moment. Under Rule 4-3, petitioner needed only to request an extension of the return date from either the trial court or the court of appeals until he was in possession of all required documentation. The Third Circuit's judgment of dismissal was "without prejudice" – an implicit invitation to petitioner to re-submit a compliant writ application. Had petitioner filed a Motion for Production to obtain the January 18, 2007 transcript, as he had with respect to the transcript of the March 17, 2005 hearing, and requested an extension of the return date, he would shortly thereafter have been in possession of the documents needed to re-submit his writ application to the Third Circuit. Yet, he chose to by-pass that court's review, instead improperly opting to seek review directly in the Louisiana Supreme Court.

The Supreme Court has supervisory jurisdiction over the courts of appeal. LSA Const. Art. 5, §5. In this instance, however, the intermediate appellate court never had an opportunity to review petitioner's claims because they were never presented in a procedurally proper manner. The merits of petitioner's claims were not properly before the Louisiana Supreme Court. Indeed, the Louisiana Supreme Court advised petitioner of that fact in ruling on petitioner's first attempt to obtain review of the January 18, 2007 decision, expressly directing petitioner to re-file his application in the Third Circuit in accordance with the court's procedural rules. *State ex rel. Whitney Batiste v. State of Louisiana*, 973 So.2d 738, 2007-0702 (La. 1/7/2008). However, as evidenced by the

Third Circuit's subsequent February 27, 2008 ruling, petitioner failed to comply with the Louisiana Supreme Court's orders. Petitioner's claims therefore remain unexhausted.

A petitioner has "technically exhausted" his federal claims if he fails to properly and timely present them to the Louisiana courts and is thereafter time-barred from seeking relief in the Louisiana courts. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.1998) *citing Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.1995); *Coleman*, 111 S.Ct. 732, 735 fn. 1; *Bledsue*, 188 F.3d at 254-55; *Fuller v. Johnson*, 158 F.3d 903, 905-06 (5th Cir.1998). In such a case, however, there is no difference between non-exhaustion and procedural default. *Magouirk*, 144 F.3d at 358. Accordingly, when a petitioner fails to exhaust state court remedies because he has allowed his federal claims to lapse, those claims are "technically" procedurally defaulted. *Id.*

Since petitioner failed to properly present his federal *habeas corpus* claims to the Louisiana Supreme Court, those claims remain unexhausted, and, for purposes of federal *habeas corpus* review, because petitioner cannot now meet the exhaustion requirement, those claims are "technically" procedurally defaulted.[6] *See Wilder; O'Sullivan; Magouirk; Richardson; Mercadel; Dupuy; Coleman; Sones; Bledsue; and Fuller, supra.*

---

[6] Post conviction relief is now unavailable to petitioner under La. C.Cr.P. art. 930.8 which provides a two year limitations period for filing such applications. The limitations period generally runs from the date that the judgment in question became final. Petitioner's judgment of conviction became when the 30-day limitation for filing for further direct review in the Louisiana Supreme Court lapsed, that is, at the latest, on or about October 29, 2004, thirty days after the Third Circuit's decision on direct appeal. The limitations period of article 930.8 therefore expired two years later, on or about October 29, 2006.

11

Indeed, under factually similar circumstances, this Court has found claims which were never properly presented to the Louisiana Third Circuit Court of Appeal were "technically" procedurally defaulted. *Thomas v. Cain*, 2007 WL 2874778, *6-8 (W.D. La. 9/7/07), *COA denied*, No. 07-30978 (5th Cir. 7/25/08) (unpublished).

## II. Traditional Procedural Default

Further, since the Third Circuit did not rule on the merits of petitioner's post-conviction claims because petitioner failed to comply with article 912.1 and Rule 4 of the Uniform Rules of the Courts of Appeal, petitioner's claims are also traditionally procedurally defaulted. This is so because the last reasoned decisions on petitioner's claims clearly and expressly relied on state procedural rules as the basis for its Judgments. *See Harris* and *Sones, infra*. The "traditional"procedural default doctrine applies to bar federal *habeas corpus* review when a state court declines to address a prisoner's federal claims because the prisoner failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

Federal courts typically refuse to reach the merits of questions of federal law if the state courts have expressly relied on an "adequate and independent" state procedural ground in refusing to review the claim. "An 'adequate' rule is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997), *cert. denied*, 523 U.S. 1125 (1998) *citing Amos* v. Scott, 61 F.3d 333, 339 (5th Cir. 1995). A state procedural rule

12

enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief. *Id. citing Lott v. Hargett* 80 F.3d 161, 165 (5th Cir.1996). A procedural rule is "independent" when the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment rests on the procedural ground. *Amos*, 61 F.3d at 338.

The procedural rules identified in this case satisfy both requirements. Petitioner herein makes no showing that Rule 4 of the Uniform Rules of the Courts of Appeal or La. C.Cr.P. art. 912.1 are not evenhandedly applied. Thus, these state court procedural rules are presumed "adequate." Moreover, while most appellate court decisions declining review of writ applications are unpublished, review of published Louisiana jurisprudence establishes that the Louisiana courts of appeal regularly invoke the requirements of Rule 4 and C.Cr.P. art. 912.1 to bar review of non-conforming writ applications. *See State v. Babin,* 545 So.2d 721 (La. App. 1st Cir. 1989); *State v. Bailey*, 500 So.2d 843, fn.1 (La. App. 1st Cir. 1986); *State v. Dangerfield*, 451 So.2d 195, 196 (La. App. 2nd Cir. 1984); *State v. Frederick,* 518 So.2d 1127 (La. App. 1st Cir. 1987); *State v. Slade*, 518 So.2d 1128 (La. App. 1st Cir. 1987); *State v. Prater*, 2007 WL 2255736 (La. App. 3rd Cir. 2007); *State v. Turner*, 896 So.2d 286, 289 (La. App. 3rd Cir. 2005).[7] For this reason, this Court has found that Rule 4 of the Uniform Rules of the Courts of Appeal and La.C.Cr.P. art.

---

[7]*See also Adams v. Stalder*, 934 So.2d 722, fn. 8 (La. App. 1st Cir. 2006) (noting the court initially refused to consider the writ for violation of Rule 4-5); *Robertson v. Hessler*, 881 So.2d 116 (4th Cir. 2004) (same); *Lobdell v. Torres*, 812 So.2d 678, 679 (4th Cir. 2002) (same); *State v. Dixon*, 712 So.2d 1078, 1079 (4th Cir. 1998) (same).

912.1 are "adequate" for purposes of application of the "traditional" procedural default doctrine. *Thomas*, 2007 WL 2874778 at *9. Furthermore, the rules are "independent" because the last reasoned judgments on petitioner's claims, that of the Third Circuit Court of Appeals, expressly relied solely on state procedural rules, Rule 4 of the Uniform Rules of the Courts of Appeal and LSA C.Cr.P. article 912.1, in declining to reach the merits of petitioner's post-conviction claims. The Louisiana Supreme Court initially denied petitioner's request for review because the Third Circuit had not had an opportunity to review petitioner's claims, and while the Court's final writ denial on December 12, 2008 did not specify reasons for its denial of review, it must be presumed that the Supreme Court, like the Third Circuit, did not reach the merits of the claims. *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

**Cause and Prejudice/Miscarriage of Justice**

Because petitioner's claims are both traditionally and technically procedurally defaulted, this court may refuse to review the merits of these claims unless petitioner demonstrates that he should be excused from application of the procedural default doctrine. This he can do by showing cause for the default or that a miscarriage of justice will result from the denial of federal *habeas* review. *See Finley*, 243 F.3d 215, 220-221 (5th Cir. 2001); *Coleman, supra; McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Moore v. Roberts*, 83 F.3d 699 (5th Cir.1996); *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Sones*, 61 F.3d at 416. *Murray*,

477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) *quoting McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

In *Murray v. Carrier*, the Supreme Court explained that "cause" requires an impediment external to the defense:

> [W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard.

*Id.* at 488, 106 S.Ct. at 2645 (internal citations omitted). If a petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992).

By Order dated May 11, 2009, petitioner was placed on notice that the procedural default doctrine may be applicable to the instant claims, Accordingly, he was given an opportunity to demonstrate that his claims were fairly presented to the Louisiana state courts in a procedurally correct manner and to present valid reasons why his claims are not subject to the procedural default doctrine, and more specifically, an opportunity to demonstrate both "cause" for his default and "prejudice." [rec. doc. 3]. In his response to this Court's Order, petitioner failed to present any argument as to why his claims are not barred by the procedural default doctrine. [rec. doc. 4]. Because petitioner fails to

15

demonstrate cause, the court need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir.1992).

Petitioner also fails to demonstrate that the procedural default doctrine should not bar his claims because he is actually innocent of the crime of which he was convicted. In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904. To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime of which he was convicted. *Corwin v. Johnson*, 150 F.3d 467, 473 (5 Cir.1998); *Ward*, 53 F.3d at 108. Thus, the petitioner must make a "colorable showing of factual innocence." *Callins*, 89 F.3d at 213 (5th Cir.) *quoting McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471. Here, petitioner has not shown that, as a factual matter, he is actually innocent of the crime for which he was convicted, and, thus, he will not suffer a fundamental miscarriage of justice from this court's failure to consider his claims. Accordingly, petitioner cannot avoid procedural default on grounds of actual innocence.

In light of the above,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are procedurally defaulted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 8th day of October, 2009.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE